IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  19-cv-01849-WJM

JOHN S. WILSON,

Plaintiff,

v.

XIANT TECHNOLOGIES, INC.,

Defendant.

## SCHEDULING ORDER

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference will be held on August 2, 2019, at 11:00 a.m., in C-205, Second Floor, Byron G. Rodgers U.S. Courthouse, located at 1929 Stout Street, Denver, Colorado.  It is anticipated that the following attorneys will appear to represent the parties:

| | |
|---|---|
| Murray Ogborn, Esq.<br>Ogborn Mihm, LLP<br>1700 Broadway, Suite 1900<br>Denver, CO 80290<br>Telephone:  303-592-5900<br>Fax:  303-592-5910<br>E-mail:  Murray.Ogborn@omtrial.com<br><br>*Attorney for Plaintiff John S. Wilson* | Scott C. Sandberg<br>Spencer Fane, LLP<br>1700 Lincoln Street, Suite 2000<br>Denver, CO 80203<br>Phone: 303-839-3800<br>Fax: 303-839-3838<br>Email: jobrien@spencerfane.com<br>ssandberg@spencerfane.com<br><br>*Attorneys for Defendant Xiant Technologies, Inc.* |

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in federal court pursuant to 28 U.S.C. § 1332(a)(1). The Plaintiff is a citizen of Tennessee and the Defendant is incorporated under the laws of the State of Colorado. The amount in controversy exceeds $75,000.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff: Plaintiff, John S. Wilson, brings this action against Xiant Technologies, Inc., arising out of an oral contract entered into by the Parties. Defendant retained Plaintiff's services to identify and secure investors. The Parties agreed upon a contingency finder's fee in the amount of 5% of the total funding secured. Plaintiff secured investments for Defendant in the amount of $9,000,000, entitling him to a fee of $450,000. Defendant has refused to pay Plaintiff the agreed upon fee. Plaintiff asserts the following claims against Defendant Xiant Technologies, Inc.:

      i.   Breach of contract;

      ii.  Breach of Oral Contract/Contract Implied in Fact;

      iii. Breach of Contract Implied in Law/Unjust Enrichment/Quantum Meruit;

      iv.  Promissory Estoppel;

      v.   Acquiescence; and

      vi.  Punitive damages.

b.   Defendant(s): Defendant denies the allegations in Plaintiff's Complaint and will respond to the Complaint on or before August 15, 2019.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

    a.    None.

## 5. COMPUTATION OF DAMAGES

Plaintiff's Calculation:

    a.    Damages in the amount of $225,000 for fee on initial investment;

    b.    $225,000 upon exercise of the warrant by Cal-Maine Foods, Inc.;

    c.    Punitive damages in the amount of $1,000,000;

    d.    Pre and post judgment interest;

    e.    Attorneys' fees and costs permitted by law; and

    e.    Any additional amounts to be determined at trial.

Defendant's Calculation:

Defendant denies that Plaintiff has incurred or is entitled to recover any damages and Defendant reserves the right to seek an award of attorneys' fees and costs as permitted by law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: July 25, 2019.

b. Names of each participant and party he/she represented. Plaintiff was represented by Michael P. Cross, Esq. Defendant was represented by Scott Sandberg, Esq.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties will make their 26(a)(1) disclosures 15 days after Defendant files its responsive pleading on August 15, 2019, **August 30, 2019**.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

   e. Statement concerning any agreements to conduct informal discovery:

The parties discussed the possibility of conducting informal discovery, including exchange of documents. The parties agreed to produce all relevant documents through F.R.C.P. 26(2) disclosures.

   f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties shall use a unified system of exhibits beginning with the number one in depositions.

Any document marked confidential shall be marked such that text shall not be fully or partially obscured so as to render OCR and searches of text more difficult.

The parties agree to exchange discovery and exhibits electronically and to Bates-number the documents they produce.

   g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic format.

The parties will work together to address issues of privilege as to computer-generated records.

   h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed the prospect of settlement and believe that it may be possible to reach a resolution of this dispute. However, at the time of this filing, the parties have not

reached an agreement and believe discovery is necessary before substantive settlement negotiations may take place.

## 7. CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

~~None.~~

Each side shall be limited to 7 depositions, excluding experts.

Each side shall be limited to 25 interrogatories.

b. Limitations which any party proposes on the length of depositions.

~~Each deposition shall be limited to one day of seven hours, with the following exception: Plaintiff requests that a corporate party who is deposed under Rule 30(b)(6) may be deposed for up to fourteen hours over the course of two days, regardless of the number of representatives designated to testify on the corporation's behalf. Defendant objects to this request and seeks to impose the presumptive limit of seven hours. Despite these limitations, the parties anticipate they will use reasonable efforts to keep the depositions to the amount of time reasonably necessary to accomplish legitimate purposes of discovery.~~

Depositions shall not exceed 7 hours for three deponents, exclusive of experts, all others limited to 4 hours, for each side, without prior agreement or absent leave of court.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each side shall be limited to 25 requests for production, 25 requests for admission.

d. Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **August 16, 2019.**

b. Discovery Cut-off: ~~February 15, 2020; expert discovery cutoff March 15, 2020.~~ **March 30, 2020**

c. Dispositive Motion Deadline: ~~December 31, 2019.~~ **April 24, 2020**

d. Expert Witness Disclosure

   1. The parties shall identify anticipated fields of expert testimony, if any.

      (a) Plaintiff: The value of the services provided by the Plaintiff and industry standards relating to the same.

      (b) Defendant: Rebuttal to any expert opinions disclosed by Plaintiff.

   2. Limitations which the parties propose on the use or number of expert witnesses.

      A maximum of three expert witnesses per party.

   3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **January 30,~~.~~ 2020**

   4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 1, 2020.**

e. Identification of Persons to Be Deposed:

   Plaintiff:

      1. F.R.C.P. 30(b)(6) Deposition of Xiant Technologies, Inc.

      2. Jason Suntych

      3. Daren Suntych

      4. F.R.C.P. 30(b)(6) Deposition of Cal-Maine Foods, Inc.

        5. Other witnesses, as identified in later discovery

Defendant:

        1. John S. Wilson

        2. Napoleon Overton

        3. Other witnesses, as identified in later discovery

f. Deadline for Interrogatories:

All written interrogatories shall be served on or before 45 days prior to the discovery cut-off.

g. Deadline for Requests for Production of Documents and/or Admissions

All written interrogatories shall be served on or before 30 days prior to the discovery cut-off.

## 10. DATES FOR FURTHER CONFERENCES

a. ~~Status conferences will be held in this case at the following dates and times:~~

**JOINT STATUS REPORT** shall be filed no later than **February 21, 2020**.

b. A final pretrial conference will be held in this case on July 28, 2020, at 9:30 o'clock a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

Five-day jury trial.

  c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may only be modified by a showing of good cause.

DATED at Denver, Colorado, this 2nd day of August, 2019.

               BY THE COURT:

               *N. Reid Neureiter*
               United States Magistrate Judge

| | |
|---|---|
| OGBORN MIHM, LLP | SPENCER FANE, LLP |
| */s/ Michael P. Cross* | */s/ Scott Sandberg* |
| Murray Ogborn, Esq. | Scott Sandberg, Esq. |
| Michael P. Cross, Esq. | 1700 Lincoln Street, Suite 2000 |
| 1700 Broadway, Suite 1900 | Denver, CO 80203 |
| Denver, CO 80290 | |
| | *Attorney for Defendant* |
| *Attorneys for Plaintiff John S. Wilson* | |