## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLORADO

CIVIL ACTION NO. 19-CV-01849-WJM-NRN

JOHN S. WILSON,

      Plaintiff,

v.

XIANT TECHNOLOGIES, INC.,

      Defendant.

---

## JOINT DISCOVERY DISPUTE STATEMENT

---

Pursuant to the Court's Practice Standard E.3 and Minute Order (Doc. 89), the parties submit this Joint Discovery Dispute Statement, stating as follows:

1.      The parties dispute (i) whether the deposition of Xiant's COO, Jason Suntych, should be combined with Xiant's 30(b)(6) deposition; and (ii) Xiant's partial objection to Plaintiff's Request for Production No. 4.

2.      After previously conferring by email, undersigned counsel conferred by telephone on January 14, 2020, but were unable to resolve their disputes.

3.      Xiant's Position Statement is attached as <u>Exhibit 1</u>; Plaintiff's Position Statement is attached as <u>Exhibit 2</u>.

4.      Pursuant to the Court's Practice Standard E.3, the parties' Position Statements are not filed with the Court's Electronic Court Filing System and not part of the public record.  In the event public filing is necessary, the parties will request leave to file their Statements as Restricted.

Dated: January 15, 2020.

OGBORN MIHM, LLP                          SPENCER FANE, LLP


*/s/ Michael P. Cross*                    */s/ Scott Sandberg*
Murray Ogborn, Esq.                       Scott Sandberg, Esq.
Michael P. Cross, Esq.                    1700 Lincoln Street, Suite 2000
1700 Broadway, Suite 1900                 Denver, CO 80203
Denver, CO 80290                          *Attorney for Defendant*
*Attorneys for Plaintiff*

## XIANT TECHNOLOGIES, INC.'S POSITION STATEMENT

### BACKGROUND

**Issues at Stake in this Lawsuit**

Plaintiff sued Xiant in 2018 for a commission on a "massive equity deal"—a ▇▇▇▇ ▇▇▇▇▇▇▇▇ between Xiant and ▇▇▇▇▇ Xiant moved to dismiss the Complaint because Plaintiff sought a commission on a securities agreement without a broker's license.  In response Plaintiff amended his Complaint to claim that the ▇▇▇▇▇▇▇▇▇ purchase price secretly included license fees and equipment purchases.  (Doc. 53, ¶ 50).  But Plaintiff has always sought a commission on the same "▇▇▇▇ Agreement" that was:

- Documented with a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇ in (Doc. 53, ¶¶ 32, 40-42, 46-50, 54-57);

- Provided for an equity investment "generating $▇▇▇ in revenue" (Doc. 53, ¶ 55).

Correspondingly, Plaintiff claims entitlement to "a 5% commission on this transaction, the amount of $225,000" ▇▇▇ ▇▇▇▇▇▇.  (Doc. 53, ¶ 56).

Plaintiff bases his claim on Xiant's communications with Plaintiff.  Plaintiff's initial contact at Xiant was Jason Suntych.  Throughout the entire time period at issue in Plaintiff's Second Amended Complaint, Jason was Plaintiff's primary if not exclusive contact at Xiant.  The parties have produced emails and text messages between Plaintiff and Xiant, all of which are to or from Jason.  Likewise, Jason was Xiant's primary point of contact with ▇▇▇▇▇ He is the Xiant representative with the most knowledge of any facet of Plaintiff's claims and Xiant's defenses.  In most cases, he is the only person with first-hand knowledge.

**The Jason Suntych Deposition**

Xiant is a small company with few employees and Jason's services are vital to Xiant's business.  His schedule is overbooked with Xiant's business and he has almost no time for his

EXHIBIT 1                                                     1 of 5

deposition.  That was particularly true in mid-November, when Plaintiff's counsel asked to schedule Jason's deposition.  In response to this request, Xiant's counsel stated:

> I will check on some dates for Jason.  Jason will be Xiant's 30(b)(6) designee as well and we should combine his deposition with the 30(b)(6) deposition, so please provide 30(b)(6) subjects for Xiant as well.

See November 11, 2019 email chain attached as <u>Exhibit A</u>.  At that time, and over the following month, Plaintiff's counsel did not object to this request.  Due to Xiant's year-end business rush and Xiant's attorney's early January trial, the parties agreed to schedule the deposition for January 22, 2020.  When the parties agreed to the January 22 date, undersigned counsel reminded Plaintiff's counsel of the need for a combined deposition:

> We will hold January 22 for Jason Suntych's deposition.  Please notice the deposition for my office.  Also, Jason will be our 30(b)(6) witness on most or all subjects so please send me all of Plaintiff's 30(b)(6) subjects for Xiant at least two weeks before the deposition.

See December 17, 2019 email chain, attached as <u>Exhibit B</u>.  Plaintiff's counsel did not object.

On January 3, 2020, Plaintiff noticed Jason's deposition for January 22, but did not notice Xiant's 30(b)(6) deposition.  Undersigned counsel emailed Plaintiff's counsel and requested 30(b)(6) subjects and a combined deposition.  This time Plaintiff's counsel objected, for the first time, to a combined deposition.  <u>See</u> January 3, 2020 email chain attached as <u>Exhibit D</u>.

**The Request for "all communications" Between Xiant and** ▮▮▮▮▮▮

On November 11, 2019, Plaintiff served written discovery on Xiant.  Xiant served its responses on December 11.  Xiant responded to the discovery without objection, save one partial objection:

> **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**   Produce all communications between ▮▮▮▮▮▮ Inc. and Defendant.
>
> **ANSWER:** Subject to the Protective Order entered in this case, Xiant will produce written communications concerning Plaintiff and negotiations of the ▮▮▮▮▮▮
> To the extent this Requests seeks additional documents, Xiant objects to the Request as irrelevant, unduly burdensome, and not proportional to the needs of this case.  Xiant and

EXHIBIT 1                    2 of 5

████ engage in frequent and detailed communications concerning scientific and technical specifications and matters that have no relevance to Plaintiff, the terms of the contract between Xiant and ████ or any other issue in this case. These communications are voluminous, ongoing, and highly confidential.

See Xiant's Responses to Plaintiff's First Set of Written Discovery, attached as Exhibit C.

Xiant produced records otherwise responsive to Plaintiff's requests. Specifically, Xiant produced over 2,600 pages of documents with communications concerning the "████ Agreement" alleged in the pleadings. These documents include all negotiations, revisions, and communications about the ████ and the ████████.

Since entering the ████████ Xiant has supplied lights used at nine different ████ poultry facilities located in several states. Xiant does so pursuant to the ████ ████ and has received no payment for doing so. Xiant has received no payment after the ████ equity investment of which Plaintiff seeks a commission. Specifically, Xiant has received no payments for paid trials, equipment purchases, or license fees from ████ and Xiant has entered no agreements for such payments.

████ provides detailed poultry facility records to Xiant (the **"Data"**) including daily records of ████████████ Xiant has objected to producing the Data.

The Data includes bird ages, weights, molting, life cycles, mortality numbers and percentages, egg production numbers and percentages, and feed consumption. Daily data is aggregated into weekly data. A single spreadsheet has close to 400 lines, each of which represents a separate email. ████ closely guards the Data and Xiant is subject to a strict non-disclosure agreement barring its disclosure. Xiant has not used the Data for any kind of metric for compensation from ████ The Data would take significant time by numerous Xiant employees to compile.

3

EXHIBIT 1

## ARGUMENT

### The Court Should Order Plaintiff to Combine Jason Suntych's Deposition and Xiant's 30(b)(6) Deposition

Plaintiff seeks redundant depositions for no good reason. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(C). "By order, the court may alter the limits in these rules on the number of depositions." Id. at (b)(2)(A).

Jason is the witness for any conceivable 30(b)(6) subject and, if Plaintiff is allowed to split the depositions, Jason will be deposed twice. The needs this case do not warrant two depositions. This is not a complex case. Plaintiff claims dealings spanning one year during which Jason was Plaintiff's primary if not sole contact at Xiant. Jason was also the primary contact between Xiant and ███████ Plaintiff does not allege that Jason acted in any capacity other than a Xiant representative. The amount in controversy is $225,000. A combined deposition will give Plaintiff complete access to all information required in this case. And Xiant is a small company that cannot afford the fees for deposing Jason twice. Nor can Xiant afford to be without Jason's services for two preparations and depositions. Deposing Jason twice will unduly burden Xiant.

The Court should order Plaintiff to combine the depositions of Jason Suntych and Xiant. If Plaintiff still intends to proceed with the January 22 deposition, then the Court should order Plaintiff to provide 30(b)(6) subjects by close of business on January 16, 2020.

### Plaintiff is Not Entitled to "all communications" Between Xiant and ███████

Xiant has already given Plaintiff documents concerning the dealings and ███████ Agreement" Plaintiff alleges, including over 2,600 pages of ███████ communications. The heavy burden of producing the massive added document scope that Plaintiff demands will provide

4

EXHIBIT 1                    4 of 5

no valid benefit. The additional documents Plaintiff demands are not relevant to Plaintiff's claims. Plaintiff claims a commission on moneys paid to Xiant and specifies the amounts actually ███ – ███ under the ███ Agreement. Plaintiff alleges no other agreements and none exist. Xiant has provided the documents relating to communications about that payment, the ███ and ███ and all underlying dealings. Relevant ███ communications discovery ends there. Xiant's dealings with ███ are document-intensive and ongoing. Plaintiff's lawsuit did not buy him a lifetime backstage pass to those dealings.

Plaintiff demands the Data—a massive amalgamation of emails and attachments that have no bearing on any of Plaintiff's claims. The Data concerns proprietary technical information concerning poultry performance, not the ███ Agreement and certainly not any payment for which Plaintiff claims a commission.

The additional documents that Plaintiff demands are not proportional to this case's needs. The issue at stake is Plaintiff's entitlement to a commission on ███ s ███ payment to Xiant in 2018, not an endless foray into other dealings and Data. The additional documents will do nothing to resolve the issues pled in Plaintiff's Second Amended Complaint.

Instead, producing the additional documents will burden Xiant. Compiling the documents will require significant time and resources. All these records are subject to strict non-disclosure obligations which spikes Xiant's burden.

5

EXHIBIT 1                                5 of 5

**Sandberg, Scott**

| | |
|---|---|
| **From:** | Sandberg, Scott |
| **Sent:** | Monday, November 11, 2019 3:31 PM |
| **To:** | Mike Cross |
| **Subject:** | RE: Depositions |

Mike –

I will check on some dates for Jason.  Jason will be Xiant's 30(b)(6) designee as well and we should combine his deposition with the 30(b)(6) deposition, so please provide 30(b)(6) subjects for Xiant as well.

**Scott Sandberg**
Spencer Fane LLP

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
O 303.839.3723
ssandberg@spencerfane.com | spencerfane.com

**From:** Mike Cross <Mike.Cross@omtrial.com>
**Sent:** Monday, November 11, 2019 10:27 AM
**To:** Sandberg, Scott <ssandberg@spencerfane.com>
**Subject:** Depositions

Scott,

I will get you a draft 30(b)(6) notice for ███████ in the next couple days. In the meantime, I would like to schedule Jason Suntych's deposition. Can you reach out to your client and put together a few dates?

Thanks,

Mike

**\*\*Please note our firm address has changed as reflected below\*\***

Sincerely,

Mike Cross
Mike.Cross@omtrial.com
OGBORN**MIHM**
TRIAL LAWYERS

1700 Lincoln Street, Suite 2700
Denver, CO 80203
Denver:  (303) 592-5900
Los Angeles:  (323) 403-5900
Sioux Falls:  (605) 432-8900
www.OMTrial.com

This e-mail and any attachments thereto are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail or any attachments thereto is strictly prohibited. If you have received this e-mail in error, please immediately notify me by reply e-mail and permanently delete the

original and any copy of any e-mail and any printout thereof. These files and documents are legal documents that have been prepared by Ogborn Mihm, LLP.

**Sandberg, Scott**

| | |
|---|---|
| **From:** | Sandberg, Scott |
| **Sent:** | Tuesday, December 17, 2019 3:26 PM |
| **To:** | Mike Cross |
| **Subject:** | RE: Suntych Depo |

Mike –

We will hold January 22 for Jason Suntych's deposition.  Please notice the deposition for my office.  Also, Jason will be our 30(b)(6) witness on most or all subjects so please send me all of Plaintiff's 30(b)(6) subjects for Xiant at least two weeks before the deposition.

Regarding documents, we are producing documents except as stated in response to Request for Production No. 4.  Starting today we will be producing them on a rolling basis as they are scanned, reviewed for privilege, and labeled.

Thanks.

**Scott Sandberg**
Spencer Fane LLP

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
O 303.839.3723
ssandberg@spencerfane.com | spencerfane.com

**From:** Mike Cross <Mike.Cross@omtrial.com>
**Sent:** Tuesday, December 17, 2019 10:17 AM
**To:** Sandberg, Scott <ssandberg@spencerfane.com>
**Subject:** RE: Suntych Depo

Scott –

Let's go with January 22 for Suntych's deposition. We will send a notice.

Please send me the documents referenced in the discovery responses and call me if any are being withheld. If so, I would like to get in front of the court on this quickly to allow time for the production and review of the documents prior to Suntych's deposition.

Thanks,

Mike

Mike Cross
Mike.Cross@omtrial.com
1700 Lincoln Street, Suite 2700
Denver, CO 80203
Denver: (303) 592-5900
Los Angeles: (323) 403-5900
Sioux Falls: (605) 432-8900
www.OMTrial.com

Xiant Technologies, Inc.'s Position Statement EXHIBIT 1-B    1 of 3

**From:** Sandberg, Scott <ssandberg@spencerfane.com>
**Sent:** Wednesday, November 27, 2019 5:06 PM
**To:** Mike Cross <Mike.Cross@omtrial.com>
**Subject:** RE: Suntych Depo

Mike –

Between Mr. Suntych's conflicts and my conflicts it has been hard to find dates.  I have two trials but I had hoped at least one would go away, which is why I was waiting to respond.  The trials haven't gone away so we better go with what's available.  How does January 17, 22-24, or 28-30 work for you?

Thanks,
Scott

**Scott** Sandberg
Spencer Fane LLP

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
O 303.839.3723
ssandberg@spencerfane.com | spencerfane.com

**From:** Mike Cross <Mike.Cross@omtrial.com>
**Sent:** Wednesday, November 27, 2019 10:36 AM
**To:** Sandberg, Scott <ssandberg@spencerfane.com>
**Subject:** Suntych Depo

Scott, how are you doing on dates for this? I would like to get this set as soon as possible.

Thanks,

Mike

**\*\*Please note our firm address has changed as reflected below\*\***

Sincerely,

Mike Cross
Mike.Cross@omtrial.com

OGBORN MIHM
TRIAL LAWYERS

1700 Lincoln Street, Suite 2700
Denver, CO 80203
Denver:  (303) 592-5900
Los Angeles:  (323) 403-5900
Sioux Falls:  (605) 432-8900
www.OMTrial.com

This e-mail and any attachments thereto are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail or any attachments thereto is strictly prohibited. If you have received this e-mail in error, please immediately notify me by reply e-mail and permanently delete the

2

original and any copy of any e-mail and any printout thereof. These files and documents are legal documents that have been prepared by Ogborn Mihm, LLP.

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

CIVIL ACTION NO. 19-CV-01849-WJM-NRN

JOHN S. WILSON,

      Plaintiff,

v.

XIANT TECHNOLOGIES, INC.,

      Defendant.

---

### DEFENDANT XIANT TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY

---

Xiant Technologies, Inc., by and through its attorneys Spencer Fane LLP, Responds to Plaintiff's First Set of Written Discovery as follows:

**INTERROGATORY NO. 1:** Describe your agreement with Plaintiff, John Wilson, for services to be performed on behalf of Xiant Technologies.

**ANSWER:** Xiant and Plaintiff engaged in some contract negotiations but never entered an agreement.

**INTERROGATORY NO. 2:** Describe all agreements Xiant entered into with ███████ Foods, Inc.

**ANSWER:** Xiant and ███████ entered the ███████████████ produced in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** Please produce copies of all communications between Plaintiff John Wilson and any Xiant representative, including texts

3894680v.1

or email messages between Mr. Wilson and any representative of Xiant Technologies, including all emails and text messages generated between Jason Suntych and John Wilson including, but not limited to, those generated through Xiant Technologies' service/computers and/or technology of any description.

**ANSWER:** Responsive documents have been produced or will be produced with these responses.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:** Please produce all transcripts of recordings of conversations with John Wilson by any individual or personnel associated with Xiant Technologies as well as the actual voice recordings of all conversations with John Wilson and any individual or personnel associated in any manner with Xiant Technologies.

**ANSWER:** Responsive documents have been produced.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:** Please produce copies of all agreements Xiant entered into with ███████████ Inc.

**ANSWER:** Responsive documents have been produced.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:** Produce all communications between ███████████ Inc. and Defendant.

**ANSWER:** Subject to the Protective Order entered in this case, Xiant will produce written communications concerning Plaintiff and negotiations of the ███████████████ To the extent this Requests seeks additional documents, Xiant objects to the Request as irrelevant, unduly burdensome, and not proportional to the needs of this case. Xiant and ████████ engage in frequent and detailed communications concerning scientific and technical specifications and matters that have no relevance to Plaintiff, the terms of the contract between Xiant and ████████

2

or any other issue in this case.  These communications are voluminous, ongoing, and highly confidential.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**   Produce all internal communications in Xiant's possession regarding the ███████████ deal.

**ANSWER:**  Subject to the Protective Order entered in this case, Xiant will produce its internal communications regarding the █████████████ at a mutually convenient place and time.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**   Produce all internal communications in Xiant's possession regarding the contact, hiring, retention, and payment of Plaintiff for his services.

**ANSWER:**  Xiant denies entering any contract, hiring, retention, or payment with Plaintiff. Subject to the Protective Order entered in this case, will produce its non-privileged internal communications at a reasonable place and time.

Dated:  December 11, 2019.

Respectfully submitted:

SPENCER FANE LLP

/s/ Scott C. Sandberg
John O'Brien, #15183
Scott C. Sandberg, #33566
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Phone: (303) 839-3800
Fax: (303) 839-3838
Email: jobrien@spencerfane.com; ssandberg@spencerfane.com
**Attorneys for Xiant Technologies, Inc.**

3

3894680v.1

## VERIFICATION

Jason Suntych, on behalf of Xiant Technologies, Inc., states that:   (1) he is the Chief
Operating Officer of Xiant; (2) he has read the factual information set forth in the foregoing
interrogatory response; and (3) the factual information set forth in the foregoing interrogatory
response is true to the best of his knowledge, information, and belief and/or have been verified from
reliable sources.

XIANT TECHNOLOGIES, INC.

By: _____

Jason Suntych

Subscribed and sworn to before me on December 11, 2019.

AMY C HANNUM
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20074009206
MY COMMISSION EXPIRES MARCH 21, 2023

_____

Notary Public

My commission expires: March 21, 2023

4

3894680v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2019, a copy of the foregoing was served via email to all counsel of record as follows:

Murray Ogborn
Ogborn Mihm, LLP
1700 Lincoln Street, Suite 2700
Denver, Colorado 80203
E: Murray.Ogborn@OMTrial.com

Michael P. Cross
Ogborn Mihm, LLP
1700 Lincoln Street, Suite 2700
Denver, Colorado 80203
E: Mike.Cross@OMTrial.com

*s/Scott C. Sandberg*
Scott C. Sandberg

5

3894680v.1

Xiant Technologies, Inc.'s Position Statement EXHIBIT 1-C    5 of 5

**Sandberg, Scott**

| | |
|---|---|
| **From:** | Mike Cross <Mike.Cross@omtrial.com> |
| **Sent:** | Friday, January 3, 2020 10:42 AM |
| **To:** | Sandberg, Scott |
| **Cc:** | OBrien, John |
| **Subject:** | RE: Wilson v. Xiant - Notice of Deposition of Jason Suntych |

That is fine, but file it quickly. I will object vehemently to the postponement of the deposition. I have been trying to set depositions for three months.

Mike Cross
Mike.Cross@omtrial.com
1700 Lincoln Street, Suite 2700
Denver, CO 80203
Denver: (303) 592-5900
Los Angeles: (323) 403-5900
Sioux Falls: (605) 432-8900
www.OMTrial.com

**From:** Sandberg, Scott <ssandberg@spencerfane.com>
**Sent:** Friday, January 3, 2020 10:38 AM
**To:** Mike Cross <Mike.Cross@omtrial.com>
**Cc:** OBrien, John <jobrien@spencerfane.com>
**Subject:** RE: Wilson v. Xiant - Notice of Deposition of Jason Suntych

Mike –

It looks like we will need to resolve this with a motion. I start a trial next week and I will not be able to confer about this until after that but we should confer again after you receive the documents.

Thanks.

Scott Sandberg
Spencer Fane LLP

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
O 303.839.3723
ssandberg@spencerfane.com | spencerfane.com

**From:** Mike Cross <Mike.Cross@omtrial.com>
**Sent:** Friday, January 3, 2020 10:35 AM
**To:** Sandberg, Scott <ssandberg@spencerfane.com>
**Cc:** OBrien, John <jobrien@spencerfane.com>
**Subject:** RE: Wilson v. Xiant - Notice of Deposition of Jason Suntych

Can you send me case law that supports the argument that I am compelled to conduct both depositions on the same day? For now, our position remains the same, but I will certainly consider any authority you can provide.

1

Mike Cross
Mike.Cross@omtrial.com
1700 Lincoln Street, Suite 2700
Denver, CO 80203
Denver: (303) 592-5900
Los Angeles: (323) 403-5900
Sioux Falls: (605) 432-8900
www.OMTrial.com

**From:** Sandberg, Scott <ssandberg@spencerfane.com>
**Sent:** Friday, January 3, 2020 10:30 AM
**To:** Mike Cross <Mike.Cross@omtrial.com>
**Cc:** OBrien, John <jobrien@spencerfane.com>
**Subject:** RE: Wilson v. Xiant - Notice of Deposition of Jason Suntych

Mike –

We will be producing additional documents next week that will complete the production from Xiant's discovery responses.  If you still have concerns after that then I suggest that we confer about what additional documents you believe are needed for a 30(b)(6) deposition.  If we cannot come to an understanding for a joint fact and 30(b)(6) deposition at that time we will file a motion for protective order.

Thanks.

Scott Sandberg
Spencer Fane LLP

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
O 303.839.3723
ssandberg@spencerfane.com | spencerfane.com

**From:** Mike Cross <Mike.Cross@omtrial.com>
**Sent:** Friday, January 3, 2020 10:24 AM
**To:** Sandberg, Scott <ssandberg@spencerfane.com>
**Cc:** OBrien, John <jobrien@spencerfane.com>
**Subject:** RE: Wilson v. Xiant - Notice of Deposition of Jason Suntych

Scott,

I am not in a position to take a 30(b)(6) deposition at this point. I still have not received documents sufficient to gain an understanding of what the past and current relationship was and is between Xiant and ▬▬▬▬ I am taking Suntych's deposition as fact witness to discover this information. If you object, you will need to file a motion for a protective order. Please do so quickly so we can get in front of the court on that issue and the failure to produce documents prior to the deposition currently set for January 22nd.

Feel free to give me a call if you would like to discuss further.

Mike

2

Mike Cross
Mike.Cross@omtrial.com
1700 Lincoln Street, Suite 2700
Denver, CO 80203
Denver: (303) 592-5900
Los Angeles:  (323) 403-5900
Sioux Falls:  (605) 432-8900
www.OMTrial.com

**From:** Sandberg, Scott <ssandberg@spencerfane.com>
**Sent:** Friday, January 3, 2020 10:20 AM
**To:** Mike Cross <Mike.Cross@omtrial.com>
**Cc:** OBrien, John <jobrien@spencerfane.com>
**Subject:** RE: Wilson v. Xiant - Notice of Deposition of Jason Suntych

Mike –

Per our prior communications, Jason Suntych will be Xiant's 30(b)(6) designee and we will not agree to two separate depositions.  If you intend to take a 30(b)(6) deposition of Xiant, please provide an additional notice with the 30(b)(6) subjects by January 10.

Thanks.

**Scott Sandberg**
Spencer Fane LLP

1700 Lincoln Street, Suite 2000 | Denver, CO 80203
O 303.839.3723
ssandberg@spencerfane.com | spencerfane.com

**From:** Elisabeth Taute <Elisabeth.Taute@omtrial.com>
**Sent:** Friday, January 3, 2020 10:17 AM
**To:** OBrien, John <jobrien@spencerfane.com>; Sandberg, Scott <ssandberg@spencerfane.com>
**Cc:** Mike Cross <Mike.Cross@omtrial.com>
**Subject:** Wilson v. Xiant - Notice of Deposition of Jason Suntych

Good Morning,

Please see attached.

**\*\*Please note our firm address has changed as reflected below\*\***

Sincerely,

Elisa Taute
Elisa.Taute@omtrial.com

OGBORN**MIHM**

1700 Lincoln Street, Suite 2700

3

Denver, CO 80203
Denver:  (303) 592-5900
Los Angeles:  (323) 403-5900
Sioux Falls:  (605) 432-8900
www.OMTrial.com

This e-mail and any attachments thereto are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you have received this e-mail in error and your use of such materials or any attachments thereto is strictly prohibited. If you have received this e-mail in error, please immediately notify me by reply e-mail and permanently delete the original and any copy of any e-mail and any printout thereof. These files and documents are legal documents that have been prepared by Ogborn Mihm, LLP.

Xiant Technologies, Inc.'s Position Statement EXHIBIT 1-D    4 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  19-cv-01849-WJM

JOHN S. WILSON,

Plaintiff,

v.

XIANT TECHNOLOGIES, INC.,

Defendant.

---

## PLAINTIFF'S POSITION STATEMENT

---

Plaintiff, John Wilson, in preparation for the telephonic discovery hearing set for January 16, 2020, provides the following position:

### 1. Combination of Jason Suntych's Individual Deposition with Xiant's Fed. R. Civ. P. 30(b)(6) Deposition.

"A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Sabre v. First Dominion Capital*, 2001 WL 1590544, *1 (S.D.N.Y. Dec. 12. 2001) (citing 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice & Procedure*, § 2103 (2d ed. 1994) (rejecting the defendant's attempt to combine an individual and 30(b)(6) deposition, subjecting both to a single seven-hour limit). Depositions of an individual under 30(b)(1) and a corporation under 30(b)(6) "serve distinct purposes, impose different obligations on [the corporation], and involve different ramifications." *Commodity*

EXHIBIT 2                                                  1 of 5

*Futures Trading Com'n v. Midland Rare Coin Exch. Inc.*, 1999 WL 35148749, \*3 (S.D. Fla. July 30, 1999) (rejecting attempt to combine 30(b)(6) deposition of corporation and 30(b)(1) deposition of president of corporation in individual capacity). "The last sentence of Rule 30(b)(6) clearly states that 'subdivision 30(b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.'" *Id.* "[T]he fact that individually named witnesses have testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same subject." *Smith v. General Mills, Inc.*, 2006 WL 7276959 \*5-6 (S.D. Ohio April 13, 2006) (citing *Abbott Lab. v. Alpha Therapeutic Corp.*, 2001 U.S. Dist. LEXIS 8540, \*5-6 (N.D. Ill. Jan. 31, 2001) ("this Court finds that Abbott has the right to question Mr. Colton and Ms. Oberscheven as Rule 30(b)(6) witnesses on all matters relating to the Rule 30(b)(6) subjects for which [the corporation] has designated them, regardless of whether the same or similar questions were asked at their fact depositions")); *see also Miller v. Union Pacific R. Co.*, 2008 WL 4724471, \*2-3 (D. Kan. Oct. 24, 2008) (denying motion for protective order seeking to preclude 30(b)(6) deposition where employees previously testified regarding designated topics, noting that a 30(b)(6) deposition "is separate and distinct from the deposition of an individual employee").

Here, Plaintiff seeks to take a Rule 30(b)(1) deposition of Jason Suntych. This is a separate and distinct deposition than the Rule 30(b)(6) deposition of Xiant, which Plaintiff is not prepared to take at this time. The purpose of the Rule 30(b)(1) deposition of Suntych, among other things, is to learn the nature and extent of the agreement(s) between Xiant and ███████ which forms the basis for Plaintiff's claim for compensation. As fully explained in Plaintiff's response to Defendant's motion to dismiss, Plaintiff is not yet even aware of the full extent of the agreement(s) between Xiant and ███████ A primary purpose for Suntych's deposition is to learn these facts.

2

EXHIBIT 2                                         2 of 5

It would be extremely prejudicial for Plaintiff to be forced to learn these facts for the first time and then be required to immediately take the Rule 30(b)(6) deposition of Defendant. Nothing in the rules allows a party to force the sequence of discovery in such a manner.

At the same time, there is no prejudice to Defendant in permitting Plaintiff to take Suntych's deposition in his individual capacity now and a Rule 30(b)(6) deposition of Xiant later, as the rules certainly contemplate and permit. Suntych and counsel for both parties are all located in Colorado. Counsel for Plaintiff has offered to travel to Greely, where Xiant is located, to take the subsequent Rule 30(b)(6) deposition, if necessary. This is the first deposition of maybe a total of four for the entire case. Plaintiff has no intention of engaging in repetitive examination or harassment. Any such concern is attenuated by Xiant's ability to move for a protective order in the future in response to a Rule 30(b)(6) notice or specific examination.

### 2. *Xiant's Objection to Plaintiff's Request for Production No. 4*

Plaintiff propounded the following request for production: "Produce all communications between ▆▆▆▆▆▆ Inc. and Defendant." Defendant responded:

> Subject to the Protective Order entered in this case, Xiant will produce written communications concerning Plaintiff and negotiations of the ▆▆▆▆▆▆ ▆▆▆▆▆▆ To the extent this Request seeks additional documents, Xiant objects to the Request as irrelevant, unduly burdensome, and not proportional to the needs of this case. Xiant and ▆▆▆▆▆ engage in frequent and detailed communications concerning scientific and technical specifications and matters that have no relevance to Plaintiff, the terms of the contract between Xiant, and ▆▆▆▆▆ or any other issue in this case. These communications are voluminous, ongoing, and highly confidential.

Subsequently, Defendant produced emails relating to the formation and execution of the ▆▆▆ ▆▆▆▆▆▆▆▆▆ Defendant refuses to provide any additional communications between Xiant and ▆▆▆▆▆

EXHIBIT 2                                    3 of 5

Again, the purpose of this discovery request is to determine the full nature and extent of the agreement between Xiant and ███████ Xiant has asserted that the agreement is limited to the ████████████████ Indeed, Xiant seeks dismissal of Plaintiff's claim, asserting that SEC regulations prohibit Plaintiff from seeking a commission on such an agreement. Plaintiff, on the other hand, asserts that the agreement between Xiant and ████████ extends well beyond the ██████████████████ which purports to be a simple purchase of ███████████ as a passive investment. As stated in Plaintiff's Complaint, the ████████████████████ executed by Xiant and ████████ contemplates a paid trial, license fees, supply and use agreements, and equipment purchases, all contingent on the results of a paid trial. *See* Plf. Second Am. Compl., ¶¶ 32-42. Plaintiff claims a right to compensation on any of these types of agreement. *Id.* at ¶¶ 56-57. The communications between Xiant and ████████ will demonstrate the results of the paid trial and whether Xiant and ████████ have entered into any such agreements or are contemplating the same.

For example, one email Xiant produced is from ██████████████████ executive managing the Xiant transaction, dated August 8, 2018 (the date of the execution of the ████ ██████████████ which states: "Thanks to both of you for your patience in working through the agreements. We truly look forward to the future together! I will send an update email from the ████████ *It is early*, but you will see that positive things are already happening!" (italics added). Xiant has failed to produce this "update email" or any other email not specifically related to the ██████████████████ which is clearly the *beginning* of this relationship. Plaintiff has the right to discover the results of the trial, whether it is complete or ongoing, and whether Xiant and ██████ have entered into, are currently negotiating, or are even simply discussing other

EXHIBIT 2                                          4 of 5

agreements. Plaintiff has the right to know if ███████ has used or is using Xiant's technology, in what manner, at what volume, and for what compensation. All of this information is relevant to Plaintiff's damages as he seeks compensation based on the amount of revenue ██████ provided or intends to provide for the use of Xiant's technology.

Any confidentiality concerns have been eliminated by Plaintiff's stipulation to Defendant's request for a protective order and the entry of the same.

Respectfully submitted this 15th day of January, 2020.

OGBORN MIHM, LLP

By: /s/ Michael P. Cross
Michael P. Cross, Atty. Reg. No. 38294
Murray Ogborn, Atty. Reg. No. 14508
1700 Lincoln Street, Suite 2700
Denver, Colorado 80203
Phone:      (303) 592-5900
Facsimile: (303) 592-5910
Attorneys for Plaintiff

EXHIBIT 2                                                 5 of 5