IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01849-WJM

JOHN S. WILSON,

Plaintiff,

v.

XIANT TECHNOLOGIES, INC.,

Defendant.

## [PROPOSED] FINAL PRETRIAL ORDER

### 1. DATE AND APPEARANCES

Date of Conference: February 8, 2021

Appearances of Counsel: *For the Plaintiff John Wilson*:

Michael P. Cross
OGBORN MIHM, LLP
1700 Broadway, Suite 1900
Denver, Colorado 80290
Phone Number: (303) 592-5900
Fax Number: (303) 592-5910

*For the Defendant Xiant Technologies, Inc.*

Scott Sandberg
Spencer Fane, LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Phone Number: (303) 839-3723

### 2. JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1332, which provides that this Court has original subject matter jurisdiction over claims between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff John Wilson is a resident

of Tennessee, whereas Defendant Xiant Technologies, Inc. is a Colorado corporation.

## 3. CLAIMS AND DEFENSES

1. Plaintiff:

Plaintiff John Wilson entered into an agreement with Defendant Xiant Technologies, Inc. pursuant to which Plaintiff would provide "Business Development & Sales" services on behalf of Defendant. Specifically, Plaintiff agreed to use his market knowledge, connections, reputation, and presentation skills to market Defendant's technology to major players in the poultry industry. In exchange, Defendant agreed to provide 5% of all revenue generated from Plaintiff's efforts. He succeeded beyond expectations. Plaintiff's efforts directly led to a multi-million dollar relationship with Cal-Maine Foods, one of the largest companies in the poultry industry. This included an initial commitment that meets Defendant's definition of a "paid trial," as well as a forthcoming (or executed) "Supply and Use Agreement," which will generate millions of dollars in license fees. Defendant now refuses to honor the agreement.

Plaintiff asserts claims against Defendant for breach of contract and unjust enrichment.

2. Defendant:

Xiant and Mr. Wilson never entered any contract for a commission or payment. Xiant and Mr. Wilson discussed a potential arrangement if Mr. Wilson could deliver paid trials of Xiant's technology, but Mr. Wilson never delivered any paid trials. Mr. Wilson provided no revenue or benefit to Xiant. He made two or three telephone calls lasting a few minutes. Xiant spent significant time and money and gave up shares of its stock for potential benefits that have not been realized. Mr. Wilson gave up nothing. Regardless of how he spins his claims, Mr. Wilson seeks an illegal commission for a securities transaction barred by federal and state law. Xiant specifically told Mr. Wilson that it would not pay the commission he claims and Mr. Wilson agreed that the commission was not part of any agreement with Xiant, so the doctrines of waiver and estoppel bar

his claims. Mr. Wilson claims a contract for which he gave nothing, meaning the claim is barred for lack of consideration. The absence of any paid trials also bars Mr. Wilson's contract claims under the doctrine of frustration of purpose. Mr. Wilson entered an agreement to keep Xiant's commercial information confidential and then breached that agreement, barring him from claiming breach of contract against Xiant. Xiant did not cause the damages Mr. Wilson claims, and Mr. Wilson failed to mitigate those damages.

## 4. STIPULATIONS

Plaintiff and Defendant shall hold an in-person conferral conference to discuss stipulations to exhibits. Any such stipulations shall be included in the parties' final exhibit lists submitted no later than seven days prior to the Trial Preparation Conference.

## 5. PENDING MOTIONS

Defendant's Motion for Summary Judgment.

## 6. WITNESSES

a. Non-expert witnesses to be called by each party:

(1) witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff:        John Wilson

            Jason Suntych

            Napoleon Overton

Defendant:   Jason Suntych

(2) witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff:    Sherman Miller

        Daren Suntych

          Bill Greary

Defendant:   Daren Suntych

          Sherman Miller

          Derek Yancey, Morning Fresh Farms

          Any witness identified by Plaintiff

          Any witness needed to provide foundation or authentication for any exhibit

          Any witness identified in disclosures, discovery, or documents produced by the parties

          Any witness revealed in discovery or investigation

(3)   witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

Plaintiff:   Sherman Miller

Defendant:   Sherman Miller

b.   Expert witnesses to be called by each party:

(1)   witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff:   None

Defendant:   None

(2)   witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff:   Tom Decosimo

Defendant:   Chris Bouck

(3)   witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

    Plaintiff:        Tom Decosimo

    Defendant:     None

### 7. EXHIBITS

(1)    Plaintiff: *See* Plaintiff's Exhibit List attached hereto as Exhibit 1.

(2)    Defendant: *See* Defendant's Exhibit List attached hereto as Exhibit 2.

Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

### 8. DISCOVERY

Discovery has been completed.

Plaintiff requests the inclusion of the following language, to which Defendant objects: The parties shall continue to supplement their disclosures in accordance with Fed. R. Civ. P. 26(e).

### 9. SPECIAL ISSUES

None.

### 10. SETTLEMENT

a.    The parties are currently in the process of preparing and exchanging settlement offers.

### 11. OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial is to a jury.

2. The parties estimate that trial will last four days.

3. Trial shall be held in the U.S. District Court for the District of Colorado before the Honorable William J. Martinez.


DATED this _____ day of _____, 20___.

BY THE COURT


_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/ Michael P. Cross* | */s/ Scott Sandberg* |
| Michael P. Cross | Scott Sandberg |
| OGBORN MIHM, LLP | SPENCER FANE |
| 1700 Lincoln, Suite 2700 | 1700 Lincoln, Suite 2700 |
| Denver, Colorado 80203 | Denver, Colorado 80203 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |